

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DISTRICT

| | |
|---|---|
| JAMES E. McROY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 6724 |
| ) | |
| MICHAEL F. SHEAHAN, Sheriff of Cook ) | Judge Ruben Castillo |
| County; CALLIE BAIRD, Executive ) | |
| Director of the Cook County Department ) | |
| of Corrections; LEONARD R. BERSKY, ) | |
| Chief Operating Officer of Cermak Health ) | |
| Services of Cook County; MICHAEL ) | |
| HOLMES, Superintendent of Division XI; ) | |
| CONNIE MENNELLA, Director of the ) | |
| Tuberculosis Clinic at Cermak Health ) | |
| Services of Cook County; and ) | |
| COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

James E. McRoy is a pre-trial detainee in the Cook County Jail. He has sued Cook County and various Cook County officials ("Defendants"), pursuant to 42 U.S.C. § 1983, alleging that they were deliberately indifferent to his serious medical needs. Defendants request that we grant summary judgment in their favor because no reasonable jury could render a verdict in McRoy's favor. We sympathize with McRoy's health problems, but for the reasons provided below, we must grant Defendants' summary judgment motion. (R. 51-1.)

## RELEVANT FACTS

The Cook County Jail's tuberculosis policies are based upon national guidelines issued by the Center for Disease Control ("CDC") and the American Thoracic Society ("ATS"). (R. 53, Defs.' Facts ¶ 23.) An individual can have either latent or active tuberculosis. Active tuberculosis is a contagious bacterial lung infection. (Id. ¶ 24.) Latent tuberculosis is not

contagious but can become contagious if it becomes active. (*Id.* ¶ 27.) Incoming detainees at the Cook County Jail are given a chest x-ray immediately upon entering the jail to screen them for active tuberculosis. (*Id.* ¶ 25.) Detainees that are diagnosed with active tuberculosis are immediately isolated from the jail's general population. (*Id.* ¶ 26.) Latent tuberculosis is diagnosed with a skin test. (*Id.* ¶ 28.) Detainees that are diagnosed with latent tuberculosis are individually evaluated by the jail's tuberculosis clinic to determine if they should be given preventative treatment, such as following a regimen of the drug Isoniazid—also known as INH—two times a week for six or nine months.[1] (*Id.* ¶¶ 29-32.) The tuberculosis clinic informs detainees about the treatment process as well as the potential side effects.[2] (*Id.* ¶ 33.) This preventative treatment is optional. (*Id.*)

McRoy entered the Cook County Jail as a pre-trial detainee on April 21, 2002. (*Id.* ¶ 2.) He does not recall if had a skin test or a chest x-ray upon admission nor does he know if he had been tested previously for tuberculosis.[3] (*Id.* ¶¶ 38-41.) In April 2003, McRoy tested positive for latent tuberculosis at his annual medical check-up. (*Id.* ¶ 43-44.) McRoy does not know how or when he was exposed to tuberculosis. (*Id.* ¶ 42.) After he tested positive, McRoy filed nine grievances and sent two letters to Cook County officials concerning his tuberculosis diagnosis

---

[1] This evaluation includes blood tests, lab work, an interview, and a review of the prisoner's medical history. (*Id.* ¶¶ 29-32; *see also* R. 64, Defs.' Fact Reply ¶ 7.)

[2] An individual with untreated latent tuberculosis has a ten percent chance of developing active tuberculosis while an individual who follows the preventative treatment regime will only have a one percent chance of developing the active form of the disease. (*Id.* ¶ 54-55.)

[3] In April 2002, the Cook County Jail did not perform any tests upon admission to diagnose latent tuberculosis. (*See* R. 60, Pl.'s Facts, Ex. 4, Klakzak Dep. at 7.)

and treatment.[4] (R. 61, Pl.'s Fact Resp. ¶ 4.) McRoy did not receive preventative treatment until November 2003 when he started a nine-month INH regimen. (*Id.* ¶¶ 7-8.) McRoy completed his INH treatment regimen, but was not given his medications on four occasions. (*Id.* ¶¶ 49, 53.) McRoy claims that the INH medication caused him to have night sweats, blood in his stools, and swollen hands and feet but admits that the four missed doses caused no adverse health effects.[5] (*Id.* ¶¶ 34, 45.)

## LEGAL STANDARDS

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party initially bears the burden of proving the absence of any genuine issues of material fact, yet if the moving party carries its burden the non-moving party can only avoid summary judgment by identifying specific facts that demonstrate the existence of a genuine issue of material fact. *Cody v Harris*, 409 F.3d 853, 860 (7th Cir. 2005). Similarly, the party who will bear the burden of proof at trial cannot rely on the complaint's allegations, but must identify specific facts that demonstrate the need for

---

[4] Defendants contend that eight of these grievances are not admissible because they contain hearsay and because McRoy failed to lay the proper foundation. (R. 64, Defs.' Fact Reply ¶¶ 3-4.) For the reasons provided in the analysis section, we can resolve this summary judgment motion without addressing these evidentiary questions.

[5] McRoy did allege in his complaint that he fears that the missed dosages will "cause his latent tuberculosis to become resistant to any current or future antibiotic treatments." (R. 44, Third Amended Complaint ¶ 30.)

3

a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Williams v. Seniff*, 342 F.3d 774, 793 (7th Cir. 2003). We must review the record in the light most favorable to the non-moving party and must draw all reasonable inferences in favor of the non-moving party. *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005).

## ANALYSIS

McRoy claims that Defendants violated his Fourteenth Amendment due process rights because they were deliberately indifferent to his serious medical needs. (R. 44, Third Amended Complaint ¶¶ 25, 27, 30.) Claims of pre-trial detainees, such as McRoy, are brought pursuant to the Fourteenth Amendment's Due Process Clause but are analyzed like claims brought by prisoners pursuant to the Eighth Amendment's Cruel and Unusual Punishment Clause. *Estate of Moreland v. Dieter*, 395 F.3d 747, 758 (7th Cir. 2005). "The Eighth Amendment protects a detainee not only from deliberate indifference to his or her current serious health problems, but also from deliberate indifference to conditions posing an unreasonable risk of serious damage to future health." *Board v. Farnham*, 394 F.3d 469, 479 (7th Cir. 2005). To prevail under either theory, McRoy must prove an objectively, sufficiently serious medical need and that Defendants acted with a sufficiently culpable state of mind. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[N]egligence or even gross negligence is not enough; rather [McRoy] must show *actual intent* or *deliberate indifference* on the part of state actors in order to make out an eighth amendment claim." *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (quoting *James v. Milwaukee Co.*, 956 F.2d 696, 699 (7th Cir.1992) (emphasis in original)).

McRoy first alleges that Defendants were deliberately indifferent to a condition that poses an unreasonable risk of serious damage to his future health: the presence of tuberculosis bacteria

in the Cook County Jail.[6] The presence of tuberculosis bacteria is a condition that poses an unreasonable risk of serious damage to future health, but Defendants are nonetheless entitled to a judgment as a matter of law because McRoy has not identified any facts that demonstrate that Defendants were deliberately indifferent to this condition. McRoy admits that the jail's tuberculosis policies are based on CDC and ATS guidelines, that incoming prisoners are screened for active tuberculosis, and that prisoners that are diagnosed with active tuberculosis are immediately isolated. He has not identified any facts, other then his own possible exposure, that indicate that Defendants did not reasonably implement these policies.

The Seventh Circuit addressed this issue in *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997), and stated that the adoption of the CDC and ATS recommended procedures "belie any attempt to show that the defendants were deliberately indifferent to a risk of injury or infection." The court explained that the mere fact that "infection may occur and even that isolated mistakes might be made despite the procedures and reasonable care does not make the defendants liable under the Eighth Amendment." *Id.* McRoy must prove deliberate indifference at trial, yet he has not identified any facts that demonstrate the existence of a genuine issue of material fact.[7] Defendants are therefore entitled to a judgment as a matter of law with respect to McRoy's claim that they were deliberately indifferent to the presence of tuberculosis bacteria in the Cook County Jail.

---

[6] The presence of tuberculosis bacteria in the Cook County Jail is a disputed question of fact, which for the purposes of this motion we must resolve in McRoy's favor.

[7] Even McRoy appeared to recognize that he is swimming upstream because he states that Defendants' deliberate indifference began *after* he tested positive for latent tuberculosis. (*See* R. 62, Pl.'s Resp. at 8.)

5

McRoy also alleges that Defendants were deliberately indifferent to his latent tuberculosis diagnosis because they started his treatment seven months after his diagnosis and failed to give him four doses of his medications. We must for the purposes of this summary judgment motion assume that latent tuberculosis is a serious medical need that requires treatment. McRoy, however, was treated, so we must focus on whether the shortcomings in his treatment were "'objectively, sufficiently serious' to constitute the 'denial of the minimal civilized measures of life's necessities.'"[8] *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996). They were not. The Seventh Circuit requires detainees who complain of delayed medical treatment to submit medical evidence that establishes the delay's detrimental effect. *See Walker v. Benjamin*, 293 F.3d 1030, 1038 (7th Cir. 2002) (citing *Langston*, 100 F.3d at 1240). McRoy has submitted no such evidence. Similarly, McRoy has submitted no medical evidence that establishes the detrimental effect of the four missed doses. To the contrary, McRoy admitted that the four missed doses had no adverse effect on his health. (R. 61, Pl.'s Fact Resp. ¶ 34.) McRoy, therefore, has not identified any genuine issues of material fact that preclude this Court from concluding that the shortcomings in his treatment were not objectively sufficiently serious.

Even if these treatment shortcomings were objectively sufficiently serious, McRoy has not identified any genuine issues of material fact regarding Defendants' subjective states of mind. He admits that Defendants Sheahan, Baird, Holmes, and Bersky did not treat him and had no conversations or contact with him. (*Id.* ¶¶ 6-22.) While he denies that Defendant Mennella did

---

[8] McRoy asserts that a latent tuberculosis diagnosis creates a serious medical need because it increases the likelihood that he will develop active tuberculosis. (R. 62, Pl.'s Resp. at 7-8.) He also claims that it creates a serious medical need because of the preventative medication's side effects. (*Id.*) These side effects are not relevant because McRoy affirmatively chose to take the preventative medication.

6

not personally treat him, he has provided no evidence that contradicts her unequivocal statement that she was not personally involved in the delivery of his medical care. (R. 53, Defs.' Facts, Ex. 2, Mennella Dep. at 25.) Instead, McRoy is inappropriately relying on the inapplicable doctrine of *respondeat superior*. See *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). At most, McRoy has alleged that some unknown individual was negligent, which is a far cry from alleging that any of the named defendants were deliberate indifference. See *Harper*, 400 F.3d at 1065. Finally, the absence of a constitutional violation precludes any judgment against Cook County. *Monell v. Dept. of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978) (stating that the municipality is only liable when a policy or custom deprives the plaintiff of a federal right). Accordingly, Defendants are entitled to a judgment as a matter of law with respect to McRoy's claim that they were deliberately indifferent to his latent tuberculosis diagnosis.

## CONCLUSION

We sympathize with the medical troubles that McRoy has endured since receiving his latent tuberculosis diagnosis. As explained above, there are no genuine issue of material fact regarding whether Defendants were deliberately indifferent to his serious medical needs. A latent tuberculosis diagnosis coupled with minor shortcomings in the provision of medical treatment do not violate the Fourteenth Amendment's Due Process Clause. Accordingly, Defendants are entitled to summary judgment. The Clerk of the Court is instructed, pursuant to Federal Rule of Civil Procedure 58, to enter a judgment in Defendants' favor. (R. 51-1.)

ENTERED: _____
**Judge Ruben Castillo**
**United States District Court**

**Dated: August 9, 2005**