**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted July 19, 2006[*]
Decided July 24, 2006

# FILED

**Before**

AUG 3 1 2006

Hon. WILLIAM J. BAUER, *Circuit Judge*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

No. 05-3647

JAMES E. MCROY,
    *Plaintiff-Appellant,*

    *v.*

MICHAEL F. SHEAHAN, et al.,
    *Defendants-Appellees.*

Appeal from the United States District
Court for the Northern District of Illinois,
Eastern Division

No. 03 C 6724

Ruben Castillo,
*Judge.*

A True Copy:
Teste:

Clerk of the United States
Court of Appeals for the

# ORDER

James McRoy, a pretrial detainee at the Cook County Department of
Corrections brought suit under 42 U.S.C. § 1983, claiming that prison officials and
medical staff were deliberately indifferent to the serious medical risk posed by the
presence of tuberculosis ("TB") bacteria in jail, and that they deliberately delayed

---

[*] After an examination of the briefs and the record, we have concluded that oral
argument is unnecessary. Thus, the appeal is submitted on the briefs and the record.
*See* Fed. R. App. P. 34(a)(2). As a result, appellant's motion requesting to forego oral
argument filed June 15, 2006 is denied as unnecessary.

No. 05-3647                                                                                  Page 2

treating him after he contracted the disease. The district court granted the
defendants' motion for summary judgment. We affirm.

In 2002 Cook County Jail had a policy of testing incoming inmates for active
but not latent TB. In April 2002, when McRoy arrived at Cook County, he tested
negative for the active version of the disease. At his annual medical checkup in
April 2003, however, he tested positive for latent TB. Subsequently McRoy filed
nine grievances and twice complained to Cook County officials regarding his
diagnosis before receiving treatment. He elected to receive an optional nine-month
treatment regimen with two weekly doses of Isoniazid ("INH"), and treatment
began in November 2003. While undergoing treatment he complained of night
sweats, bloody stools, and swollen hands and feet. He ultimately completed the
nine-month regimen, missing only four doses. He admitted that the missed doses
caused no immediate adverse medical effects, though he believes they may lead to
future complications.

McRoy filed suit in the district court, alleging that prison officials and
medical staff violated his Fourteenth Amendment due process rights because they
were deliberately indifferent to a serious medical threat and his health care needs.
He claimed that prison officials deliberately ignored the presence of TB bacteria in
the Cook County Jail. He also claimed that after he was diagnosed with latent TB,
prison medical staff wrongly delayed his treatment for seven months and caused
him to miss four doses of medicine.

The district court, presuming for purposes of this lawsuit that TB bacteria
was present at the Cook County Jail, determined that McRoy failed to identify any
facts demonstrating the defendants' deliberate indifference to this condition. And
because the jail's TB diagnostic policies were consistent with guidelines
recommended by the Center for Disease Control and the American Thoracic Society,
the court concluded based on our decision in *Forbes v. Edgar*, 112 F.3d 262, 267 (7th
Cir. 1997), that the defendants here were not deliberately indifferent to a serious
medical risk. Next the district court reasoned that, based on McRoy's lack of
evidence suggesting any harm caused by either his treatment or the four missed
doses of INH, any shortcomings in his treatment did not amount to deliberate
indifference. Finally, the court determined that McRoy failed to identify a single
defendant who acted in any way that approached deliberate indifference.

On appeal, McRoy challenges the district court's conclusion that the
defendants were not deliberately indifferent to the presence of TB bacteria at Cook
County Jail. He appears to contend that the policy of screening only incoming
prisoners for the active version of TB, while allowing those with the latent disease
to enter the general jail population, ignores a serious risk that healthy prisoners

**FILED**

AUG 3 1 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

will become infected.[1] To prove that prison officials unconstitutionally imposed a serious medical risk, McRoy must show that the defendants were deliberately indifferent to the risk that inmates would be exposed to a serious communicable disease. *See Helling v. McKinney*, 509 U.S. 25, 33 (1993).

Someone with latent TB, however, is not infectious. *See* American Thoracic Society, Diagnostic Standards and Classification of Tuberculosis in Adults and Children (1999). In *Forbes*, 112 F.3d at 265, we took judicial notice of this fact and also recognized that someone with active TB is no longer infectious after receiving treatment. McRoy never alleged that jail officials allowed any inmate's condition to progress untreated from the latent version of TB to the active version, thereby becoming infectious. Further McRoy has not presented any evidence that either prison officials or the prison's medical staff deliberately ignored the need to control tuberculosis infections. Cook County Jail's policy permitting inmates with latent TB to remain in the general prison population does not ignore the risk of exposing healthy inmates to a serious communicable disease and therefore the policy does not violate McRoy's due process rights. *See Helling*, 509 U.S. at 33.

Next McRoy argues that the district court incorrectly concluded that prison officials and medical staff did not deliberately ignore his positive test for latent TB. He says that he was not seen by a physician or given medication for several months after being diagnosed. He adds that medical officials failed to administer four doses of INH during his treatment, and that he was subjected to undesirable side effects caused by the doses he did receive.

To establish a due process violation based on the denial of proper medical treatment McRoy must show that he had an objectively serious medical need, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and that the defendants ignored that need, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005). For a delay in medical treatment to rise to deliberate indifference, the delay in treatment must have a detrimental effect on the prisoner's health. *See Walker v. Benjamin*, 293 F.3d 1030, 1038 (7th Cir. 2002) (citing *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996)).

Even if we assume that latent TB presents an objectively serious medical need, McRoy failed to present any evidence suggesting that either prison officials or medical staff were deliberately indifferent to his condition. McRoy's doctor

---

[1] We review McRoy's due process arguments under the same standard that we would if he were a convicted prisoner and his claims arose under the Eighth Amendment. *Fisher v. Lovejoy*, 414 F.3d 659, 662 n.1 (7th Cir. 2005); *Velez v. Johnson*, 395 F.3d 732, 735 (7th Cir. 2005).

submitted uncontroverted testimony that McRoy received the full course of INH treatment for latent TB, and the four missed doses would not have diminished the effectiveness of that treatment. Further McRoy offered no evidence that the seven-month delay between his diagnosis and treatment adversely affected his health or reflected the prison's deliberate disregard of his condition. Finally, any side effects that McRoy suffered from the elective INH treatment do not suggest that prison officials or medical staff ignored his condition; instead they confirm that McRoy was treated for his disease.

AFFIRMED.